IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABM SECURITY SERVICES, INC.,<br>Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Tahira B. El ("El"), who was adversely affected by such practices.

As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant, ABM Security Services, Inc., denied El a religious accommodation by refusing to permit her to wear her khimar, an Islamic religious head scarf. The Commission further alleges that Defendant terminated her employment because she sought to wear the khimar while on duty. As a result of the discriminatory practices by Defendant, El has suffered emotional distress damages and back pay losses.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, ABM Security Services, Inc. ("Defendant" or the "Employer"), a California Corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Philadelphia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tahira B. El filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 21, 2011, Defendant Employer has engaged in unlawful employment practices at its client site at the Pennsylvania Convention Center ("PCC"), where it assigned El, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against El on the basis of her religion, Islam, as follows:

(a)   El is an observant Muslim who wears a khimar pursuant to her Islamic religious faith and practices. The khimar is an Islamic religious head scarf, designed to cover her hair, ears, and neck.

(b)   Defendant provides private security services nationwide, including at the Pennsylvania Convention Center.

(c)   On February 21, 2011, Defendant hired El for the position of Security Officer assigned to the Pennsylvania Convention Center.

(d)   At all relevant times, and while in the presence of Defendant, El wore a khimar.

(e)   Defendant maintains a written uniform policy for Security Officers assigned to the Pennsylvania Convention Center. Specifically, the uniform requires Security Officers to wear:

- White uniform shirt with ABM logo/patch and security officer shield
- Tie
- Blue Blazer with ABM logo/patch and security officer shield
- Blue inform pants
- Black dress shoes

(f)   On February 22, 2011, El reported for Security Officer mandatory training at the Pennsylvania Convention Center in full uniform wearing her khimar. El wore her khimar with the loose ends tied to the back into a bun.

(g)   At the beginning of training, Defendant informed El that she was not permitted to wear her khimar while on duty at the Pennsylvania Convention Center. El questioned the policy, and was told to remove the khimar if she wanted to work for Defendant.

(h)   El declined to remove her khimar due to her religious beliefs. Therefore, Defendant terminated her employment.

    (i)    Allowing El the religious accommodation of permitting her to wear her khimar with full uniform at the Pennsylvania Convention Center would not cause Defendant undue hardship.

    (j)    Further, Defendant failed to offer El an alternate position or other religious accommodation.

    (k)    On information and belief, there is no policy or practice at the Pennsylvania Convention Center that prohibited Defendant from permitting its contracted security officers from wearing religious headgear as a religious accommodation.

8.    The effect of the practices complained of in paragraph 7 has been to deprive El of equal employment opportunities and otherwise adversely affect her status as an employee because of religion, Islam.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional and were done with malice or with reckless indifference to the federally protected rights of El.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make El whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

D.    Order Defendant Employer to make El whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, her losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.    Order Defendant Employer to pay El punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 18, 2012

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Regional Attorney
Debra.Lawrence@eeoc.gov


*s/ Maria L. Morocco*
MARIA L. MOROCCO
Supervisory Trial Attorney
Maria.Morocco@eeoc.gov

IRIS SANTIAGO-FLORES
Senior Trial Attorney
Iris.Santiago-Flores@eeoc.gov
Pa. I.D. No. 60171

EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone (main): (215) 440-2828
Telephone (direct): (215) 440-2684
Facsimile: (215) 440-2848